## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

EDDIE L. ANDREWS, ET AL.,              )
                                       )
              Plaintiffs,              )
vs.                                    )          NO.  CIV-05-0110-HE
                                       )
JERRY L. ANDREWS, ET AL.,              )
                                       )
              Defendants.              )

## <u>ORDER</u>

Plaintiffs Eddie L. Andrews, Angela Andrews, Earl L. Andrews, and Richard H. Andrews filed this action against Jerry Andrews, Tracii JoAnn Andrews and Paulette L. Schultz in their individual capacities, and against three child welfare workers with the Oklahoma Department of Human Services, Travis White, Angela Tarron and Melanie Lesley, in both their individual and official capacities.  They allege the defendants have committed perjury and treason and violated their procedural due process rights, and also assert fraud, conspiracy to commit fraud, and malicious prosecution claims.  The plaintiffs seek both damages, the immediate release of their children and grandchildren, and ask the court to order an investigation of the Department of Human Services' ("DHS") alleged violations of parental rights.  Defendants White, Tarron and Lesley have filed a motion asserting that the action should be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), because the complaint fails to state a claim against them upon which relief can be granted.  Motions to dismiss have also been filed by the other defendants.[1]

---

[1]*While the defendants asserts various bases for dismissal, only the complaint's failure to state a claim under federal law will be addressed.*

Dismissal under Rule 12(b)(6) is appropriate "'only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief.'" Clark v. State Farm Mut. Auto. Ins. Co., 319 F.3d 1234, 1240 (10th Cir. 2003) (quoting McDonald v. Kinder-Morgan, Inc., 287 F.3d 992, 997 (10th Cir. 2002)).  In evaluating the complaint, the court has accepted all well-pleaded factual allegations as true and has construed those allegations and any reasonable inferences that might be drawn from them in the light most favorable to the plaintiffs.  *See id.*  According the complaint, together with its multiple attachments, the liberal construction afforded pro se litigants' pleadings, the court concludes it fails to state a federal claim.[2]

The 42 page complaint consists primarily of a quotation of various statutes, state and federal, with a few factual allegations interspersed.  Attached to it are multiple affidavits and state court pleadings.[3]  The claims arise out of child custody proceedings in state court, which appear, for the most part, to have occurred in 2001 and 2002, although at least one hearing took place in early December, 2003.  Apparently there also is an ongoing state proceeding to terminate the parental rights of a nonparty, Ms. Peters, with respect to another child, L.B. As far as the court can discern, the plaintiffs' federal claims are asserted under 42 U.S.C. §§ 1985 and 1983, and allege a conspiracy and a violation of procedural due process.

---

[2]*Although the plaintiffs fails to specify the parties' citizenship, it is evident from the pleadings that the plaintiffs and defendants are not diverse.  Therefore, the only basis for the court's jurisdiction is the plaintiffs' assertion of a federal claim.*

[3]*Additional allegations contained in the plaintiffs' briefs, to the extent they consist of well-pleaded facts that are "consistent with the facts and theories advanced in the complaint,"* Hayes v. Whitman, *264 F.3d 1017, 1025 (10th Cir. 2001), have been considered in determining the sufficiency of the plaintiffs' federal claims.*

The plaintiffs' § 1985 conspiracy claim fails because there are no allegations of racial or class-based discriminatory animus.  Dixon v. City of Lawton, 898 F.2d 1443, 1447, 1449 n.6 (10th Cir. 1990).[4]  To the extent the plaintiffs' remaining federal claim – their §1983 due process claim – is based on alleged constitutional violations committed  by defendants other than the three state employees, it fails.  42 U.S.C. § 1983; Garcia v. LeMaster, ___ F.3d ___, ___ (10th Cir. 2006) ("To state a valid cause of action under §1983, a plaintiff must allege the deprivation by defendant of a right, privilege, or immunity secured by the Constitution and laws of the United States while the defendant was acting under color of state law.") (quoting Doe v. Bagan, 41 F.3d 571, 573-74 (10th Cir.1994)).   The § 1983 claim also fails to the extent it is based on alleged constitutional violations that happened more than two years before the complaint was filed.  See Williams v. Shields, 2003 WL 22351957, at *1 (10th Cir. October 16, 2003) (Oklahoma two year statute of limitations for personal injury actions applies to § 1983 and § 1985 claims).[5]  As all references to conduct by defendants White and Tarron in the complaint predate January 31, 2003, their actions cannot support the plaintiffs' due process claim.

The only allegations in the complaint within the two year limitations period that could possibly substantiate a due process violation consist of Eddie Andrews' claimed lack of notice of a hearing held in Greer County on December 3, 2003, see generally affidavit of

---

[4]*The plaintiffs' allegations also are insufficient to allege a conspiracy under § 1983.  See Dixon, 898 at 1449 n. 6.*

[5]*Williams is an unpublished decision cited for persuasive value only under 10th Cir. R. 36.3(B).*

Victor Schoolcraft,[6] and the allegations that Richard Andrews was subpoenaed March 30, 2004 and "was not given proper notice due process of law and has not been allowed in court proceedings for his children." Complaint, p. 38. However, the lack of notice is not attributed to any defendant and, the court notes, the provision of notice generally is not the responsibility of a witness.

The only conduct by a defendant state actor that is alleged to have occurred within two years of the filing of the complaint consists of defendant Lesley's execution of an affidavit dated January 21, 2005. The plaintiffs allege that "One child is placed in an inappropriate care give, stated on affidavit by Melanie Lesley, Social Worker, dated Jan 21, 2005, in which also states that Eddie Andrews is a confirmed sex offender, but Eddie Andrews has never been charged, arrested or convicted in a court of law by Constitutional Due Process of Law (Case No JD-2005)." Complaint, pp. 25-26. A copy of the affidavit, which apparently was submitted in connection with the termination of the parental rights of a Ms. Peters, who is not a party to this lawsuit, is attached to the complaint. While that statement, or others in the affidavit pertaining to Eddie Andrews, may support some type of claim against Ms. Lesley, it does not support a violation of Mr. Andrews' federal rights. [7]

Federal courts do not have jurisdiction over child custody disputes and cannot sit as appellate courts and correct or change what are perceived to be unjust decisions by state

---

[6]*The affidavit, attached to the complaint, references a December, 2003, hearing,*

[7]*Because the court finds the affidavit is not actionable under federal law, it need not consider whether it can even be considered at this time as the basis for a federal claim in this litigation when it relates to an ongoing state custody proceeding.*

judges.  The plaintiffs' claims focus on actions taken by former spouses and relatives by marriage, former counsel and by the state judiciary.  Much of the alleged wrongful conduct took place too long ago to be the basis for claims under either state or federal law.  However, because the complaint fails to state a federal claim, to the extent it does allege a claim or claims under state law, the court declines to exercise its supplemental jurisdiction to consider them.  See 28 U.S.C. § 1367(c)(3).

Accordingly, having concluded that the plaintiffs have failed to allege a federal claim and, having declined to exercise supplemental jurisdiction over any state law claims that may be asserted, the motion to dismiss filed by defendants White, Tarron and Lesley [Doc. #11] is **GRANTED**.  This ruling **MOOTS** the motions to dismiss filed by defendants Schultz [Doc. #35] and by defendants Jerry and Tracii Andrews [Doc. #38], and the plaintiffs' motion to exclude [Doc. #44].   The action is dismissed.

**IT IS SO ORDERED**.

Dated this 27th day of March, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE